CARL HARRY COOK and DAWN JOY COOK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cook v. Commissioner
Docket No. 20544-89
United States Tax Court
T.C. Memo 1990-541; 1990 Tax Ct. Memo LEXIS 595; 60 T.C.M. (CCH) 1027; T.C.M. (RIA) 90541; October 18, 1990, Filed *595 Decision will be entered for the respondent. Carl Harry Cook, pro se. Terri A. Merriam, for the respondent. FAY, Judge. FAY
MEMORANDUM OPINION Respondent determined a deficiency of $ 290 in petitioners' 1986 Federal income tax. The sole issue for decision is whether petitioners are entitled to claim certain dependency exemptions in the year in dispute. Petitioners, Carl Harry Cook and Dawn Joy Cook, resided in Zillah, Washington, at the time the petition in this case was filed. On their joint 1986 Federal income tax return, petitioners claimed dependency exemptions for the three children of petitioner Carl Harry Cook's (Mr. Cook) prior marriage, Jennifer J. Cook, Melanie M. Cook, and Jeremy C. Cook (the Children). Mr. Cook was divorced from Edith Elaine Horak (Ms. Horak) on November 15, 1979. Pursuant to the Decree of Dissolution of Marriage entered on that date, Mr. Cook was awarded the custody of, and the Federal income tax exemption for, the Children. On October 10, 1984, the Decree of Dissolution of Marriage was modified and custody of the Children was awarded to Ms. Horak. In all other respects the original Decree of Dissolution of Marriage remained *597 in effect, including the provision whereby Mr. Cook was permitted to claim the Federal tax exemptions allowable for the Children. At no time was Mr. Cook ordered to pay monthly child support to Ms. Horak with respect to the Children. During 1986 the Children lived with petitioners for four months and five days. Mr. Cook was not the custodial parent of the Children in that year. Petitioners allege they paid the following amounts for each child's support: rent
$ 130.57
electricity
26.40
food
175.35
phone
45.00
camp tuition
79.00
gifts
100.00
gas
166.00
bus fares
32.00
total
$ 754.32
In addition, petitioners testified they paid for pizza dinners, skate rentals, movies, and clothing. Based on these expenditures, petitioners claimed dependency exemptions for the Children in 1986. Petitioners bear the burden of establishing their entitlement to the exemptions claimed. ; Rule 142. [1] Because the Children are products of the broken union between Mr. Cook and Ms. Horak, petitioners must satisfy the requirements of section 152(e) to qualify for the disputed exemptions. Specifically, petitioners *598 must establish: (1) a qualified pre-1985 instrument between Mr. Cook and Ms. Horak applicable to the 1986 tax year provides that Mr. Cook is entitled to claim the Federal income tax exemption for the Children, sec. 152(e)(4)(A)(i); and (2) Mr. Cook provided at least $ 600 for the support of each of the Children during 1986, sec. 152(e)(4)(A)(ii). Petitioners assert they meet both of these requirements. Respondent agrees petitioners meet the first requirement but asserts petitioners have not established the second. We agree with respondent. Expenses incurred transporting a child for whom an exemption is claimed to and from the noncustodial parent's home for visitation purposes are incurred for the personal benefit of the noncustodial parent, not for the support of the child. ; *599 . In addition, each child's pro rata portion of the rent and utilities paid by the noncustodial parent attributable to the periods of visitation does not constitute support. ; . Petitioners paid $ 166.00 for gas and $ 32.00 for bus fares. The gas and bus fares were paid to transport the Children to and from petitioners' home for the periods of visitation. Therefore, the gas and bus fares cannot be included in the amount petitioners paid for support of each child. Petitioners also paid $ 130.57 for rent and $ 26.40 for electricity. These amounts represent each child's pro rata portion of the rent and electricity attributable to the periods of visitation. Therefore, the rent and electricity cannot be included in the amount petitioners paid for support of each child. After reducing the amount petitioners purportedly paid for the support of each child by the above amounts, and even after taking into consideration petitioners' testimony concerning pizza dinners, skate rentals, movies, and clothing, *600 we find petitioners did not provide at least $ 600 for support of each child as required by section 152(e)(4)(A)(ii) and are not entitled to claim the exemptions in dispute. Pursuant to the foregoing, Decision will be entered for the respondent. Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended and in effect for the year in issue.↩